The order below is hereby signed.

Signed: August 22 2019



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LEE WILSON, | ) | Case No. 17-00696 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
REQUIRING COUNSEL FOR DEBTOR TO DISGORGE
$400 IN FEES RECEIVED BASED ON FAILURE TO APPEAR AT A HEARING

The debtor's counsel, Charles Tucker, Jr., failed to appear at the continued hearing of July 26, 2019, on the trustee's motion to dismiss this case. The court entered an order directing Tucker to show cause why sanctions (including a disgorgement of fees) ought not be imposed against him for failing to appear at the hearing of July 26, 2019. Tucker responded in relevant part:

> 2. Counsel had a conflicting court date on a separate case that was also scheduled on July 26, 2019.
> 3. Debtor has failed to make payments to counsel for retainer fees per the retainer agreement between Debtor and Counsel.
> 4. Counsel communicated to Debtor regarding Debtor's lack of payment to Counsel.
> 5. Counsel further advised Debtor of the July 26, 2019 and that he would be unable to attend due to scheduling conflict and Debtors' failure to make payments to Counsel.

      6. Counsel told Debtor that Debtor was required to attend the July 26, 2019 hearing.

Tucker's *Disclosure of Compensation of Attorney for Debtor* filed with the petition (Dkt. No. 1) disclosed that he had agreed to provide legal services for the debtor in the case for $3,500 and that he had been paid that $3,500.  He further disclosed that: "In return of the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including," among other aspects, "Trustee meetings and any all court dates or meetings related to the Chp 13 bankruptcy filing."  Under the terms of his disclosed fee agreement,[1] Tucker was not entitled to additional compensation if he had appeared at the hearing of July 26, 2019.

    Even if Tucker could have insisted on a receipt of a retainer for the work that would be entailed in appearing at the hearing, Tucker was required under Local Bankruptcy Rule 9010-4 to appear at the hearing.  If he was entitled to further compensation for appearing at the hearing, and a retainer for potential payment of such compensation was not forthcoming from

---

[1] Any change in that agreement ought to have been disclosed under 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b) via a supplemental disclosure statement.

the debtor,[2] Tucker could have filed a motion to withdraw his appearance. He failed to do that.

The existence of another court hearing is similarly not an excuse. The court set the hearing of July 26, 2019, at an initial hearing of May 17, 2019, at which Tucker was present. He did not suggest that he would be unavailable for a hearing 70 days later on July 26, 2019. Even if Tucker could have shown cause for permitting him to appear at the hearing in the other court instead of in this court, he was not entitled on his own to decide that such cause excused him from appearing at the hearing in this court. Only if he sought and was granted a continuance by this court would he have been excused from appearing at the hearing in this court because of the hearing in the other court.

Tucker's conduct is totally unacceptable. He failed to appear as required by the terms of his disclosed fee agreement. He left the debtor to address the motion to dismiss on his own without the assistance of counsel, something the debtor understandably might have felt uncomfortable attempting, and that may explain the debtor's failure to appear at the hearing and to attempt to represent himself.

---

[2] Compensation from estate funds is subject to approval of the court, and in a Chapter 13 case, property of the estate includes all property of the debtor. 11 U.S.C. § 1306(a). The debtor's postpetition payment of additional compensation would have required an application and approval of the additional compensation, with the retainer to cover such compensation being held pending approval of the additional compensation.

Under 11 U.S.C. § 329(b) and Fed. R. Bankr. P. 2017, the court is authorized to order the return to the debtor of compensation paid to the extent that it exceeds the reasonable value of services rendered.  Under LBR 9014-1, the debtor was entitled to have Tucker appear at the hearing, and to have his assistance in addressing the motion to dismiss.  Nevertheless, it appears that this case would have been dismissed even if Tucker had appeared at the hearing with the debtor.  The debtor has made no effort to have the court set aside the dismissal of the case.  Balancing all of the foregoing, I find that the compensation Tucker received exceeds the value of the services he rendered by $400.

Tucker's professional misconduct has also imposed an unwarranted burden on the court in having to address such misconduct.  As to disciplinary sanctions for Tucker's professional misconduct, I leave that question to the processes under the District Court's Local Civil Rules concerning discipline (*see* District Court LCvR 83.16(d)), although I recommend that the $400 disgorgement of fees, and the admonishment implicit in this *Memorandum Decision and Order* be treated as an adequate disciplinary sanction.  It is thus

ORDERED that within 14 days of entry of this order, the debtor's counsel shall disgorge $400.00 of the fees he received

to the debtor, and file a notice that he has made such disgorgement.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.